**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.H. and S.H.**

**No. 22-0308** (Kanawha County 21-JA-275 and 21-JA-276)

**MEMORANDUM DECISION**

Petitioner Father K.H., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's March 22, 2022, order terminating his parental rights to J.H. and S.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Joseph A. Curia III, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2021, the DHHR filed a petition alleging that petitioner's substance abuse resulted in his abuse and/or neglect of the children. Petitioner was offered services such as random drug screening over the course of the following months. In December of 2021, the DHHR filed an amended petition against petitioner alleging that he failed to consistently comply with court-ordered drug screens, tested positive for methamphetamine on the few occasions he submitted to drug screens, avoided contact with Child Protective Services ("CPS") workers, and failed to enter his scheduled rehabilitation program. In the amended petition, the DHHR reiterated that petitioner suffered from a substance abuse issue that substantially impaired his ability to parent the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Later in December of 2021, the circuit court held an adjudicatory hearing, wherein it adjudicated petitioner as an abusing parent based upon evidence presented regarding his substance abuse and his failure to seek long-term care for his addiction issues, which the court found impacted his ability to care for the children.

The court held the final dispositional hearing in February of 2022, during which petitioner requested an improvement period. According to petitioner, he had completed a fourteen-day drug rehabilitation program in Ohio. The circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental rights to the children. The circuit court found that petitioner continued to engage in substance abuse, failed to seek long-term care for his addiction, participated only in a short-term program that did not address his issues, only sporadically complied with drug screens, tested positive for drugs when he did screen, and remained unable and unmotivated to provide for the children. Accordingly, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his rights was in the children's best interests.[2] It is from the dispositional order terminating petitioner's parental rights that he appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating his parental rights without first granting him an improvement period. We disagree. We have held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). Here, petitioner was granted services throughout the proceedings but failed to comply. Petitioner failed to consistently submit to drug screens, tested positive for methamphetamine on a few occasions when he submitted to screens, and refused to attend a long-term drug treatment program into which he had

---

[2]The mother's rights were also terminated below. The permanency plan for the children is adoption in their current placement.

been accepted. While petitioner completed a fourteen-day program immediately prior to the dispositional hearing, the circuit court found that this program was not sufficient to demonstrate that petitioner would fully comply with an improvement period. Given these facts, we find that the circuit court did not abuse its discretion in denying petitioner an improvement period.

We likewise find no error in the circuit court's termination of petitioner's parental rights. Importantly, petitioner does not raise any issue with the circuit court's findings surrounding disposition and simply argues that he should have been granted an improvement period. As noted above, petitioner failed to comply with services during the proceedings and, ultimately, failed to address his drug abuse or otherwise remedy the conditions of abuse and neglect. As such, it is clear that the court had ample evidence, including drug screen results and petitioner's failure to enter a drug treatment program, upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue. *See* W. Va. Code § 49-4-604(d)(1) (indicating that there is no reasonable likelihood conditions can be corrected when the abusing parent has "habitually abused or [is] addicted to . . . controlled substances or drugs").

In short, the court made the findings required to terminate petitioner's parental rights by West Virginia Code § 49-4-604(c)(6). We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

3